UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-20267-CIV-ALTONAGA/Brown
CASE NO. 10-20268-CIV-ALTONAGA/Brown

**BELLEANNE WEITZ**; and her
spouse, **WILLIAM WEITZ**,

    Plaintiffs,

vs.

**CELEBRITY CRUISES, INC.**; and
**JUNGLE TREKKING ADVENTURES
AND SAFARI, INC.**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant, Celebrity Cruises, Inc.'s ("Celebrity['s]") Motions to Dismiss (the "Motions") (Case 10-20267 [D.E. 28]; Case 10-20268 [D.E. 27]), filed April 6, 2010. Celebrity moves to dismiss Plaintiffs' Amended Complaints (Case 10-20267 [D.E. 15]; Case 10-20268 [D.E. 15]) under Federal Rule of Civil Procedure 12(b)(6). The Court has considered the parties' written submissions, the record, and the applicable law.

### I. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### II. ANALYSIS

Celebrity moves to dismiss Counts I, III–VI, and VIII on the following grounds:

    a.    Count I (negligence) alleges duties not owed to Plaintiffs;

Case No. 10-20267-CIV-ALTONAGA/Brown
Case No. 10-20268-CIV-ALTONAGA/Brown

b. Counts III (misleading advertising) and IV (negligent misrepresentation) are not pled with the particularity Federal Rule of Civil Procedure 9(b) requires;

c. Count V (apparent agency) fails to allege a representation by Celebrity that creates an apparent agency relationship between Celebrity and Jungle Trekking;

d. Count VI (actual agency) contains only conclusory allegations that Jungle Trekking is Celebrity's agent; and

e. Count VIII (third party beneficiary breach of contract) fails as a matter of law because Plaintiffs were not intended third party beneficiaries of the agreement between Celebrity and Jungle Trekking.

**A.     Count I — Negligence**

For the reasons stated in *Holguin v. Celebrity Cruises, Inc.*, No. 10-20215-CIV, 2010 WL 1837808, at *1 (S.D. Fla. May 4, 2010), Count I states a claim upon which relief can be granted.

**B.     Count III — Misleading Advertising and Count IV — Negligent Misrepresentation**

Rule 9(b) applies to Plaintiffs' misleading advertising and negligent misrepresentation claims. *See Mika v. Celebrity Cruises, Inc.*, No. 10-20352-CIV-ALTONAGA/Brown, at *2–4 (S.D. Fla. May 10, 2010) (order granting in part motions to dismiss). Celebrity asserts Plaintiffs have failed to allege with particularity when each alleged misrepresentation was made. *See Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (requiring plaintiff to allege "the time and place of each such statement and the person responsible for making . . . same"). In response, Plaintiffs do not identify any allegations specifying the time each alleged misrepresentation was made. But Plaintiffs raise several other arguments.

For the misleading advertising claim, Plaintiffs assert their allegations are similar to those the undersigned found sufficient in *Balaschak v. Royal Caribbean Cruises, Ltd.*, No. 09-21196-CIV,

Case No. 10-20267-CIV-ALTONAGA/Brown
Case No. 10-20268-CIV-ALTONAGA/Brown

2010 WL 457137, at *1–2 (S.D. Fla. Feb. 4, 2010). In *Balaschak*, however, "the Court [] confine[d] its analysis solely to the question whether either count alleges any misrepresentations of material facts." *Id.* at *1. In other words, *Balaschak* did not address whether the plaintiffs had pled with particularity the *time* of the alleged misrepresentations. For the negligent misrepresentation claim, Plaintiffs cite several paragraphs in the Amended Complaints; but none of these specifies *when* Celebrity made the alleged misrepresentations. And the two cases upon which Plaintiffs rely do not discuss the pleading requirements of Rule 9(b). *See id.* at *1–2; *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351, 1355–56 (S.D. Fla. 2009). Counts III and IV are therefore dismissed without prejudice with leave to amend.[1]

### C.    Count V — Apparent Agency

Plaintiffs' allegations in paragraph 60 of the Amended Complaints are equivalent to those addressed in *Mika*, No. 10-20352-CIV-ALTONAGA/Brown, at *4–5. Therefore, for the reasons stated in *Mika*, Count V states a claim upon which relief can be granted.[2]

### D.    Count VI — Actual Agency

Plaintiffs' allegations in paragraphs 68–71 of the Amended Complaints are equivalent to those addressed in *Mika*, No. 10-20352-CIV-ALTONAGA/Brown, at *5–6. Therefore, for the

---

[1] Celebrity also maintains Plaintiffs have not alleged with particularity the person responsible for making on-board oral misrepresentations, *i.e.*, the representative at the shore excursion desk. Celebrity asserts Plaintiffs must allege the representative's name or a specific physical description. But Celebrity does not cite any law which requires such detail. Moreover, the Court finds such detail unnecessary. Celebrity may use discovery and its employment records to identify its own representative.

[2] In its Reply, Celebrity notes Plaintiffs also alleged in the Amended Complaints that Celebrity is Jungle Trekking's agent, rather than a principal. This is a legal conclusion that is not relevant to whether Counts V and VI state a claim.

Case No. 10-20267-CIV-ALTONAGA/Brown<br>Case No. 10-20268-CIV-ALTONAGA/Brown

reasons stated in *Mika*, Count VI fails to state a claim upon which relief can be granted.

### E.    Count VIII — Third Party Beneficiary Breach of Contract

Plaintiffs advise in their Response that they are withdrawing Count VIII. Count VIII is therefore dismissed.

### III.  CONCLUSION

Consistent with the foregoing analysis, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motions (Case 10-20267 [D.E. 28]; Case 10-20268 [D.E. 27]) are **GRANTED IN PART**.

2. Counts III (misleading advertising), IV (negligent misrepresentation), VI (actual agency), and VIII (third party beneficiary breach of contract) are **DISMISSED WITHOUT PREJUDICE**.

3. If Plaintiffs wish to re-plead, they shall file amended complaints on or before **May 26, 2010**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of May, 2010.

*Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record